**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **TINO BARELA-LASO** | § | |
| | § | |
| **V.** | § | **A-12-CV-136 LY** |
| | § | **(A-10-CR-320 LY)** |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION**

**TO:   THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

The Magistrate Court submits this Report and Recommendation to the United States District

Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the

United States District Court for the Western District of Texas, Local Rules for the Assignment of

Duties to United States Magistrate Judges.

Before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant

to 28 U.S.C. § 2255 (Clerk's Doc. No. 368), and the Government's Response to Petitioner's Motion

to Vacate, Set Aside or Correct Sentence (Clerk's Doc. No. 377).

**I.      Background**

On October 6, 2010, Petitioner Barela was charged in a one-count criminal information with

conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance

containing a detectable amount of cocaine, a controlled substance, contrary to 21 U.S. C. §§ 841

(a)(1) and 841 (b)(1)(A), and in violation of 21 U.S.C. § 846. On October 19, 2010, Petitioner

pleaded guilty to the criminal information pursuant to a plea agreement. On February 22, 2011, this

Court sentenced Petitioner to a 70-month term of imprisonment, followed by a four-year term of

supervised release, and ordered that Petitioner pay a $100 mandatory assessment fee, and forfeited

all right to certain property.  Petitioner did not file a direct appeal of his conviction or sentence.

On February 13, 2012, Petitioner filed a motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255.  He brings two claims.  First, he alleges that he received ineffective

assistance of counsel when his counsel (a) failed to adequately advise him regarding the possible

range of punishment, and instead misrepresented to him that by entering a plea of guilty he was

agreeing to a sentence of 48 months; (b) failed to discuss with him, or adequately explain to him, the

Presentence Report; and (c) failed to adequately explain the terms of the plea agreement, particularly

the non-binding nature of the agreement and the appeals waiver provision.  Second, Petitioner claims

that his guilty plea was unknowing and involuntary, and thus invalid, because of (1) the above

mentioned ineffective counsel; and (2) his own inability to understand the plea agreement and

sentencing, on account of his illiteracy and lack of education.

The Government filed its response to Petitioner's motion on April 20, 2012. It contends that

Petitioner's motion should be dismissed, on the grounds that Petitioner has failed to produce

sufficient evidence to justify either of his claims.

II.      **Motions Requesting Documents**

Petitioner has made requests for documents from his previous attorney in various motions.

Clerk's Doc. Nos. 376, 378, 384.  The Court ordered the Government to respond to these requests,

which it has done.  Clerk's Doc. No. 393.  In that response, the Government attached an affidavit

from Barela's former attorney. Javier Guajardo, in which he states that most of the documents were

destroyed pursuant to his document retention policy.  Guajardo claims that his firm's representation

agreement states: "Once the client matter has been finalized, client has 30 days to request case file

documents and gives Law Firm permission to destroy all non-court filed documents after such 30

day period." Affidavit at 1. He then explains that "at the expiration of the pertinent time frame, [a

legal assistant] destroyed the documents, including all electronic files as well as e-mails, in the Laso

file." *Id.* [1] The Government's response attaches all documents that Barela requested that had not

been destroyed by Guajardo, and Guajardo provided to the Government. Given that Barel's request

has been granted to the maximum extent it can be, his motions are DENIED AS MOOT.

III.    **Motion Pursuant to § 2255**

A.      **Legal Standard**

Under § 2255, four general grounds exist upon which a defendant may move to vacate, set

aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws

of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the

sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is

otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under

§ 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only

on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time

on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice'

resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is

not of constitutional or jurisdictional magnitude, then the movant must show that the error could not

---

[1]This is an unusual—indeed inadvisable—policy. Criminal cases often require post-
conviction proceedings. Destroying documents in such a short period of time after a sentence is
imposed is inviting serious problems. Further, destroying emails and electronic files is odd, to say
the least, and it is unclear why Guajardo would do so, other than to eliminate electronic documents
that might prejudice him should a client complain about his services. It appears clear that Guajardo's
document retention policy creates the potential for prejudicing his client's rights, with the only
benefit being that Guajardo is covering his proverbial "butt" from claims by his former clients.

have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). As the Supreme Court has explained, the reason for these rules is that "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

Defendants have a constitutional right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). Ineffective assistance of counsel claims are properly brought as § 2255 motions. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). In order to succeed on an ineffective assistance of counsel claim, a petitioner must prove that (1) his "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland.* at 687. In determining whether performance was deficient, counsel's actions are judged by a "reasonableness" standard, founded on prevailing professional norms. *Id.* at 688. Courts are highly deferential to counsel, indulging a "strong presumption" that "conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. When the validity of a guilty plea is at issue, conclusory allegations of ineffective assistance of counsel fail to refute a defendant's testimony given under oath. *Montoya v. Johnson*, 226 F.3d 399, 406 (5th Cir. 1998).

A petitioner must also show prejudice. To do so, he must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland.* at 694. When a petitioner has pleaded guilty, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

**B.      Analysis**

Petitioner brings his § 2255 claim on two grounds: (1) that his guilty plea was not knowing and intelligent, and was therefore invalid; and (2) he received ineffective assistance of counsel, specifically, his attorney (a) failed to adequately advise him regarding the possible range of punishment, and instead misrepresented to him that by entering a plea of guilty he was agreeing to a sentence of 48 months; (b) failed to discuss with him, or adequately explain to him, the Presentence Report; and (c) failed to adequately explain the terms of the plea agreement, particularly the non-binding nature of the agreement and the appeals waiver provision.

None of these claims succeed.  With regard to the first claim, this motion is the first time petitioner has claimed that his guilty plea was not knowing and intelligent, and because he fails to show cause and prejudice for failing to raise the claim earlier, he is procedurally barred from raising the issue is this § 2255 motion.  Further, petitioner has failed to show either that his attorney's performance was deficient, or that had he had different counsel the outcome would have been any different.

**1.      Validity of Plea**

Petitioner argues that his lack of literacy and sophistication prevented him from comprehending either the court proceedings or the effect of his guilty plea.  This is the first time he has brought a challenge to his guilty plea on this ground. Clerk's Doc. No. 368 at 8. Thus, petitioner is procedurally barred from bringing his challenge through a § 2255 motion. *See*, *U.S. v. Shaid*, at 232.  He has not shown "cause for his procedural default, and actual prejudice resulting from the error." *U.S. v. Shaid*, at 232.  Thus, he has failed to meet the requirements to bring his challenge under a § 2255 motion. *See, id.*

Even if he could show cause and prejudice for not having raised this issue in a direct appeal, the actual argument petitioner raises lacks merit.  In reality, his claim is not that his plea was not made knowingly and intelligently, but rather is effectively a claim that he is incompetent to make any plea.  His motion states that he is illiterate in both English and Spanish, and that although he speaks Spanish, "having a first grade education in the third world country of Honduras precludes me from all except the most basic of human functioning and needs.  I grew up in abject poverty.  I am so illiterate that there was no consultation with my attorney that could ever be considered adequate." Clerk's Doc. No. 368 at 8.

This claim is lacking in factual support.  It is the Court's practice, at every stage of the proceedings, to inquire into a defendant's ability to understand the proceedings and assist his attorney.  In this case, whenever those inquiries were made, the petitioner stated that he was competent.  For example, at his guilty plea, the following colloquy took place:

> THE COURT: Gentlemen, have either of you ever suffered any kind of injury or medical condition or any kind of  impairment that would prevent you from understanding these  proceedings today?
>
> DEFENDANT CRUZ: No.
>
> DEFENDANT LASO-BARELA: I don't understand that.
>
> THE COURT: Okay. Let me go back. This is Mr. Laso. Have you ever suffered any kind of an injury or a medical condition or anything in the past that would cause you to be unable to understand these proceedings today?
>
> DEFENDANT LASO-BARELA: No.

Transcript of Plea Proceeding (Clerk's Doc. No. 373) at 6.  Similarly, the Court inquired of the petitioner's counsel on this topic:

> THE COURT: Do you believe your client has a factual as well as a rational understanding of the proceedings against him?
>
> MR. GUAJARDO: Yes, I do.
>
> THE COURT: Do you have any doubt as to your client's competence to make a plea today?
>
> MR. GUAJARDO: No doubt.

*Id*. at 5-6.  Finally, at the outset of the proceedings, the Court encouraged the petitioner to speak up if he did not understand something:

> Before I take your plea, there's a number of things I need to advise you of. As I go through these rights and warnings and things, if there's any of these that you have questions about or you want me to explain anything further, that's fine. Don't hesitate to ask any questions that you have during this proceeding. In addition, if during these proceedings you need to speak with your attorney, that's also fine. Just let me know that you need to do that and we'll take a break so that you and your attorney can speak privately. Do you understand all of that?
>
> DEFENDANT LASO-BARELA: Yes.

*Id*. at 3.  Petitioner actually took advantage of that instruction on several occasions, requesting clarification on certain issues.  *See id.* at 6, 8, 24.  Thus, although there is no question concerning the fact that the petitioner has minimal education, there is no evidence that the petitioner is actually incompetent to understand the proceedings.  Indeed, all of the evidence is to the contrary, and petitioner offers nothing to counter the evidence in the record.  Thus, even if this claim were not barred, it has no merit.  Either way, relief on this argument should be denied.

## 2.     Ineffective Assistance of Counsel

Petitioner asserts that he received ineffective assistance of counsel in three instances: when his attorney (a) failed to adequately advise him regarding the possible range of punishment, and instead misrepresented to him that by entering a plea of guilty he was agreeing to a sentence of 48

months; (b) failed to discuss with him, or adequately explain to him, the Presentence Report; and

(c) failed to adequately explain the terms of the plea agreement, particularly the non-binding nature

of the agreement and the appeals waiver provision. Clerk's Doc. No. 368 at 5-7.  These claims fail

because Barela has not offered enough evidence to overcome his own plea of guilty, or the strong

presumption that counsel has rendered effective assistance.

Petitioner asserts that his attorney failed to advise him on the possible range of punishment

for his offense, and specifically told him that he was agreeing to a sentence of 48 months

imprisonment.  Clerk's Doc. No. 368 at 5.  His attorney denies in a sworn affidavit that he ever made

any promise or prediction regarding Petitioner's sentence. Affidavit of Javier P. Guajardo, Jr. at 1

(attached as Exhibit A of Clerk's Doc. No. 377).  Petitioner provides no facts in support of his claim.

In fact, the record shows that at his plea hearing, Petitioner, through a translator, affirmatively stated

that he understood that the minimum sentence for his offense was a prison term of five years.

Transcript of Rearraignment and Plea Hearing at 15 (attached as Exhibit B of Clerk's Doc. No. 377).

When asked whether any promises had been made to him regarding his sentence, Petitioner

responded, "no." Transcript of Rearraignment and Plea Hearing at 24 (attached as Exhibit B of

Clerk's Doc. No. 377). When asked similar questions at his sentencing hearing, Petitioner again

stated that he understood the minimum sentence. Transcript of Sentencing Hearing at 3 (attached as

Exhibit C of Clerk's Doc. No. 377).

When examining ineffective assistance of counsel claims regarding the validity of guilty

pleas, courts entertain a strong presumption in favor of effective assistance and against refutation of

testimony given at a plea hearing while under oath. *Strickland* at 689; *Hill* at 59. Conclusory

allegations of ineffective assistance of counsel fail to overcome these presumptions. *Montoya* at 406.

Petitioner here has made little more than conclusory assertions. Clerk's Doc. No. 368 at 5. Thus, his first claim is barred.

Petitioner also charges that his attorney failed to explain the Presentence Report, the non-binding nature of the plea agreement, and his waiver of his right to appeal. Clerk's Doc. No. 368 at 7-8. These charges, too, come without support. Like the others, his attorney has denied these allegations, stating that he "translated the Presentence Investigation Report into Spanish for Laso [Barela] and reviewed it word-by-word, line-by-line," and that Petitioner "knew exactly what he was agreeing to and the options and avenues available to him." Affidavit of Javier P. Guajardo, Jr. at 3 (attached as Exhibit A of Clerk's Doc. No. 377). At his sentencing, Petitioner stated, under oath, that he had had sufficient time to review the Presentence Report and discuss it with his attorney. Transcript of Sentencing Hearing at 3 (attached as Exhibit C of Clerk's Doc. No. 377). During his plea hearing, he stated that he had reviewed and understood the terms of the plea agreement, and was satisfied with his attorney's performance. Transcript of Rearraignment and Plea Hearing at 11 (attached as Exhibit B of Clerk's Doc. No. 377). Moreover, the Court admonished Petitioner that he was waving his right of appeal at both his plea hearing, and his sentencing. Transcript of Rearraignment and Plea Hearing at 13 (attached as Exhibit B of Clerk's Doc. No. 377); Transcript of Sentencing Hearing at 13 (attached as Exhibit C of Clerk's Doc. No. 377). As with his first charge, Petitioner has failed to overcome the strong presumptions in favor of effective assistance of counsel, and against the refutation of his testimony.

Finally, Petitioner has failed to show that, but for the alleged ineffective assistance of counsel, he would not have pled guilty. Indeed, he stated at his plea hearing that he entered a plea of guilty because he was guilty, and not because of any promise he may have received. Transcript

of Rearraignment and Plea Hearing at 23-24 (attached as Exhibit B of Clerk's Doc. No. 377).  As

a result of his guilty plea, the government refrained from prosecuting him for any other violations

of the law of which it was aware. Transcript of Rearraignment and Plea Hearing at 9 (attached as

Exhibit B of Clerk's Doc. No. 377). It is highly unlikely that even with different counsel he would

have entered a different plea, and Barela fails to present any evidence that he would have.

## IV.    Recommendation

Accordingly, the undersigned RECOMMENDS that the District Court DENY Barela's 28

U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Clerk's Doc. No. 368).

## V.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under

section 2255 "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C.

§ 2253(c) (1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings,

effective December 1, 2009, the district court must issue or deny a certificate of appealability when

it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of

the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the

requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack*

*v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a

movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*

"When a district court denies a habeas petition on procedural grounds without reaching the

petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least,

that jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's section 2255

motion on substantive or procedural grounds, nor find that the issues presented are adequate to

deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003)

(citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

## VI.     Warning

The parties may file objections to this Report and Recommendation.   A party filing

objections must specifically identify those findings or recommendations to which objections are

being made.   The District Court need not consider frivolous, conclusive, or general objections.

*Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file

written objections to the proposed findings and recommendations within fourteen days after the party

is served with a copy of the Report shall bar that party from de novo review by the district court of

the proposed findings and recommendations in the Report and, except upon grounds of plain error,

shall bar the party from appellate review of unobjected-to proposed factual findings and legal

conclusions accepted by the district court.   *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S.

140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report &

Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return

receipt requested.

SIGNED this 6th day of September, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE